**UNITED STATES of America,
Plaintiff-Appellee**

v.

**Luis Gerardo VELASQUEZ–
CARBAJAL, Defendant–
Appellant.**

No. 11–51128
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 3, 2012.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff-Appellee.

Philip J. Lynch, Assistant Federal Public Defender, Henry Joseph Bemporad, Federal Public Defender, Federal Public Defender's Office, San Antonio, TX, for Defendant-Appellant.

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM: *

Luis Gerardo Velasquez–Carbajal appeals the 52–month sentence imposed following his guilty plea conviction to one count of illegal reentry following a previous deportation. He argues that his sentence, which is within the advisory guidelines range, is unreasonable.

In the district court, Velasquez–Carbajal argued in favor of a more lenient sentence for several reasons, including the age of his drug trafficking conviction. Velasquez–Carbajal later objected to the 52–

month sentence "based on the [18 U.S.C. § ] 3553(a)." Velasquez–Carbajal's objection sufficed to preserve his substantive reasonableness argument for appellate review. *See United States v. Mondragon–Santiago,* 564 F.3d 357, 361 (5th Cir.2009).

This court has consistently rejected Velasquez–Carbajal's "double counting" argument and that the presumption of correctness should not apply because U.S.S.G. § 2L1.2 is not empirically based. *See United States v. Duarte,* 569 F.3d 528, 529–30 (5th Cir.2009); *United States v. Calbat,* 266 F.3d 358, 364 (5th Cir.2001). This court has also determined that the "trespass" argument raised by illegal aliens does not justify disturbing an otherwise presumptively reasonable sentence. *See United States v. Aguirre–Villa,* 460 F.3d 681, 683 (5th Cir.2006). This court has further determined "that the staleness of a prior conviction used in the proper calculation of a guidelines-range sentence does not render a sentence substantively unreasonable and does not destroy the presumption of reasonableness that attaches to such sentences." *United States v. Rodriguez,* 660 F.3d 231, 234 (5th Cir. 2011).

Velasquez–Carbajal's argument that the district court did not consider his personal circumstances is not supported by the record. The district court noted that Velasquez–Carbajal's case differed from the more common cases where defendants return illegally very quickly. The district court also noted the lack of violent conduct in Velasquez–Carbajal's past. However, the district court did express concern over his evading arrest conviction and drug activity. The district court did "not believe, based upon the information outlined in the [presentence report] or argued by Coun-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sel, that a downward variance would be appropriate." Rather, the district court concluded that a sentence in the middle of the guidelines range was appropriate to satisfy the § 3553(a) goals and "provide adequate deterrence." Velasquez–Carbajal has not shown that his sentence was substantively unreasonable, *see Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), nor has he rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Gomez–Herrera,* 523 F.3d 554, 565–66 (5th Cir. 2008). Accordingly, his sentence is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.